People v Perez (2022 NY Slip Op 01104)





People v Perez


2022 NY Slip Op 01104


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


SCI No. 3664/14 Appeal No. 15331 Case No. 2017-1528 

[*1]The People of the State of New York, Respondent,
v
Tiena Perez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony Ferrara, J. at plea; Larry R.C. Stephen, J. at sentencing), rendered January 20, 2016, convicting defendant of assault in the second and third degrees and endangering the welfare of a child, and sentencing her to an aggregate term of 15 days and 5 years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction of assault in the second degree to assault in the third degree, and sentencing her to time served, and otherwise affirmed.
On August 20, 2014, defendant entered into a plea agreement whereby she would plead guilty to second-degree assault, third-degree assault and endangering the welfare of a child, and the case would be adjourned for one year to allow her to complete a 12-week anger management program. If defendant completed the program, complied with an order of protection and had no new arrests, the People would allow her to withdraw her guilty plea to second-degree assault, and she would be sentenced to conditional discharges on the two misdemeanor convictions. Despite defendant's diligent, repeated efforts to complete an anger management program, legitimate issues such as her inability to arrange childcare for her two young children after her 75-year-old grandmother, who had been caring for the children while defendant attended the sessions, broke her hip, prevented her from attending all the sessions. She enrolled in the program three times, each time beginning from the start, but could not complete the 12 weeks. At the time of sentencing, she had found, enrolled in and almost completed a different program close to her home with a schedule that allowed her to work and pick up her children after school. Although she did not complete the anger management program, defendant satisfied the remaining terms of the plea agreement. Under these circumstances, in the interests of justice we accordingly reduce the conviction and modify the sentence as noted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022